**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Toms River Real Estate, L.L.C., a New Jersey limited liability company; and Hasmukh S. Patel, an individual,<br><br>Defendants. | No. CV-07-616-PHX-DGC<br><br>**ORDER AND PARTIAL DEFAULT JUDGMENT** |

Pending before the Court are Plaintiff Best Western International, Inc.'s motion for preliminary injunction and motion for default judgment. Dkt. ##4, 16. The Court will grant the motion for default judgment in part and deny the motion for preliminary injunction as moot.

**I.    Background.**

Plaintiff's verified complaint asserts nine claims against Defendants arising out of the parties' Best Western Membership Agreement ("Agreement") and Defendants' use of Plaintiff's trademarks and service marks: breach of contract, open account, breach of contract – post-termination use of trademarks, federal trademark infringement, federal false designation of origin and unfair competition, federal trademark dilution, unfair competition under Arizona law, trademark dilution under Arizona law, and common law trademark

infringement. Dkt. #1 ¶¶ 33-76. The complaint seeks damages, injunctive relief, and attorneys' fees and costs. *Id.* at 14-18.

Defendant Hasmukh Patel was served with process on August 29, 2007, and Defendant Tom River Real Estate, L.L.C. was served with process on September 15, 2007. Dkt. ##12-13. Defendants failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. The Clerk entered Defendants' default pursuant to Rule 55(a). Dkt. #15.

**II.    Discussion.**

Pursuant to Rule 55(b)(2), Plaintiff seeks the following default judgment against Defendants: (1) damages on Counts I and II in the amount of $39,396.18, plus interest at the rate of 1.5% per month from October 1, 2007 until paid in full; (2) damages on Count III in the amount of $51,671.88; (3) a permanent injunction on Counts V through IX that enjoins Defendants and their representatives from using Plaintiff's marks; and (4) attorneys' fees and costs on all counts in the amount of $4,221.80. Dkt. #16 ¶ 5.[1]

Having reviewed the evidence Plaintiff submitted in support of its motion, the Court will grant Plaintiff the injunctive relief it seeks in Counts V through IX and its reasonable attorneys' fees and costs. Dkt. ##16 at 5-9, 17 ¶ 9, 17-3.

The Court will grant default judgment against Defendants on Counts I and II in the amount of $38,813.97, rather than the requested amount of $39,396.18. The requested amount purportedly represents the balance due on the open account as of October 1, 2007. *See* Dkt. #17 ¶ 8. The billing statements provide by Plaintiff, however, establish the balance due as of September 1, 2007, which is $38,813.97. Dkt. #17-2. Plaintiff did not provide the Court with a billing statement showing the balance due as of October 1, 2007. *See id.*

With respect to Count III, post-termination use of trademarks, Plaintiff states that "[u]sing the information provided to [Plaintiff] by Defendants concerning room rates and

---

[1] Plaintiff does not seek default judgment with respect to Count IV, federal trademark infringement. Dkt. #16 ¶ 5; *see* Dkt. #1 ¶¶ 48-53. Plaintiff seeks default judgment with respect to "Counts X and XI," but no such counts are plead in the complaint. *See* Dkt. #1.

numbers of rooms for publication in the 2007 Best Western Travel Guide, the formula for liquidated damages calculates to $847.08 per day." Dkt. #17 ¶ 11. Plaintiff, however, has presented no evidence to support this calculation. "The general rule of law is that upon default the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true" *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (emphasis added); *see* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). By November 16, 2007, Plaintiff shall submit evidence to the Court sufficient to establish the mean of Defendants' room rates per day and the total number of rooms. *See* Dkt. #1 ¶¶ 44-46, Ex. 1 ¶ 24; *see also* Fed. R. Civ. P. 55(b)(2) ("If, in order to enable the court to enter judgment[,] . . . it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary[.]").[2]

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Dkt. #16) is granted in part and denied in part as set forth in this order.

2. Default judgment is entered in favor of Plaintiff and against Defendants on Counts I and II of the complaint in the amount of $38,813.97, plus interest at the rate of 1.5% per month from September 1, 2007 until paid in full.

3. With respect to Count III, Plaintiff shall submit evidence sufficient to establish the mean of Defendants' room rates per day and the total number of rooms by November 16, 2007.

4. Default judgment is entered in favor of Plaintiff and against Defendants on Counts V through IX of the complaint. Defendants and any other persons or entities acting on behalf of or in concert with Defendants are enjoined from:

---

[2] Plaintiff has presented evidence that Defendants improperly used Plaintiff's marks for 61 days, from January 19 until March 21, 2007. Dkt. ##17 ¶ 9, 17-3.

- 3 -

      a.    Using, displaying, advertising, or authorizing any other person to use, display, or advertise Plaintiff's "Best Western" trademarks and service marks.

      b.    Using, displaying, advertising, or authorizing any other person to use, display, or advertise any simulation, reproduction, counterfeit, copy, or colorable imitation of Plaintiff's "Best Western" trademarks and service marks in any manner likely to cause confusion, mistake, or deception as to the identity or source thereof.

      c.    Committing any acts intentionally calculated to cause others to believe that Defendants are in any way connected to, associated with, or sponsored by Plaintiff.

5.    Plaintiff's motion for preliminary injunction (Dkt. #4) is denied as moot.

6.    Plaintiff is awarded attorneys' fees and costs in the amount of $4,221.80.

DATED this 22nd day of October, 2007.

*David G. Campbell*
David G. Campbell
United States District Judge

- 4 -